**2025 IL 131305**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 131305)

TAMICA N. RAINEY, Appellee, v. THE RETIREMENT BOARD OF THE POLICEMEN'S ANNUITY AND BENEFIT FUND OF THE CITY OF CHICAGO, Appellant.

*Opinion filed November 20, 2025.*

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Chief Justice Neville and Justices Theis, Overstreet, Holder White, Cunningham, and Rochford concurred in the judgment and opinion.

**OPINION**

¶ 1     This case requires us to interpret section 5-228(b) of the Illinois Pension Code (40 ILCS 5/5-228(b) (West 2022)) to determine whether plaintiff Tamica Rainey is entitled to an award of her attorney fees and costs based on the appellate court's ruling that ordered defendant, the Retirement Board of the Policemen's Annuity and Benefit Fund of the City of Chicago (Board), to restore her duty disability

benefits. We find the statute authorizes the award of attorney fees and costs to police officers, like Rainey, who successfully challenge on administrative review the discontinuation of their duty or occupational disease disability benefits.

¶ 2                                    BACKGROUND

¶ 3        Rainey was injured in car accidents in 2013 and 2015 while on duty as a Chicago police officer. She applied for duty disability benefits in 2016 and was awarded them in 2017 under section 5-154 of the Pension Code (*id.* § 5-154) for injuries she sustained to her neck and shoulder. Rainey was required to submit to annual examinations under section 5-156 of the Pension Code (*id.* § 5-156) to review her disability status. The Board scheduled a March 2022 status hearing to determine whether Rainey's duty disability benefits should be continued, modified, or discontinued. Rainey appeared before the Board on March 24, 2022, and requested a continuance to obtain counsel and medical records, which the Board granted. Rainey submitted additional medical records to the Board on June 25, 2022, and at a June 30, 2022, hearing, the Board continued the proceedings on its own motion so it could review the recent submissions. At an August 25, 2022, hearing, Rainey requested another continuance. The Board offered to award her an ordinary disability benefit at 50% salary without a hearing, an offer she declined. See *id.* § 5-155. The Board rejected Rainey's request to continue the hearing, held the hearing, and voted to discontinue her duty disability benefits. The Board issued its written decision on October 27, 2022, finding Rainey was no longer disabled as a result of her duty-related injuries. However, when Rainey reported to the police department for assignment, the department found her to be physically unable to perform her duties. Rainey was not cleared for full duty, and the department was unable to provide her with a position.

¶ 4        Rainey sought administrative review, and the Cook County circuit court reversed the Board's decision to discontinue Rainey's duty disability benefits. The trial court relied on this court's ruling in *Kouzoukas v. Retirement Board of the Policemen's Annuity & Benefit Fund of Chicago*, 234 Ill. 2d 446, 471 (2009), where we found that an officer remains disabled when the police department is unable to provide her a position with the necessary accommodations. Rainey also sought, and the trial court granted, her attorney fees and costs in the amount of $33,981.94

pursuant to section 5-228(b) of the Pension Code (40 ILCS 5/5-228(b) (West 2022)). The Board appealed, and the appellate court affirmed the trial court's conclusion that Rainey's duty disability benefits should continue. 2024 IL App (1st) 231993, ¶¶ 61, 68. It also affirmed the trial court's award of attorney fees and costs. *Id.* This court thereafter granted the Board's petition for leave to appeal, where it challenges only the award of attorney fees and costs.

¶ 5                                     ANALYSIS

¶ 6        The issue before us is whether Rainey was entitled to an award of statutory attorney fees and costs for successfully challenging the Board's discontinuation of her duty disability benefits. The Board asserts that the attorney fees and costs provision of the Pension Code does not apply when the Board discontinues duty disability benefits. It argues that Rainey is not entitled to recover her attorney fees and costs and that the appellate court erred in affirming the trial court's incorrect determination that the award was proper. The Board construes the attorney fees and costs provision as applicable in only two circumstances: when an initial duty disability benefits application is denied (1) under section 5-154 or (2) under section 5-154.1, neither of which, it contends, is at issue here. See 40 ILCS 5/5-154, 5-154.1 (West 2022). In response, Rainey argues that the plain language of the attorney fees and costs provision directs that she is entitled to the statutory fee because she successfully challenged the Board's denial of her continued duty disability benefits on administrative review. She maintains the appellate court correctly affirmed the decision of the trial court and its award of attorney fees and costs.

¶ 7        To determine whether Rainey was eligible for a statutory attorney fees and costs award, we must interpret sections 5-154, 5-156, and 5-228(b) of the Pension Code.

¶ 8        Section 5-154, titled "Duty disability benefit," states:

    "(a) An active policeman who becomes disabled on or after the effective date as the result of injury incurred on or after such date in the performance of an act of duty, has a right to receive duty disability benefit during any period of such disability for which he does not have a right to receive salary, equal to

- 3 -

75% of his salary, as salary is defined in this Article, at the time the disability is allowed ***." *Id.* § 5-154(a).

¶ 9 Section 5-156 is titled "Proof of disability—Physical examinations" and provides:

"Proof of disability—Physical examinations. Proof of duty, occupational disease, or ordinary disability shall be furnished to the board by at least one licensed and practicing physician appointed by the board. In cases where the board requests an applicant to get a second opinion, the applicant must select a physician from a list of qualified licensed and practicing physicians who specialize in the various medical areas related to duty injuries and illnesses, as established by the board. The board may require other evidence of disability. A disabled policeman who receives a duty, occupational disease, or ordinary disability benefit shall be examined at least once a year by one or more physicians appointed by the board. When the disability ceases, the board shall discontinue payment of the benefit, and the policeman shall be returned to active service." *Id.* § 5-156.

¶ 10 Section 5-228, titled "Administrative Remedies," states:

"(b) If any policeman whose application for either a duty disability benefit under Section 5-154 or for an occupational disease disability benefit under Section 5-154.1 has been denied by the Retirement Board brings an action for administrative review challenging the denial of disability benefits and the policeman prevails in the action in administrative review, then the prevailing policeman shall be entitled to recover from the Fund court costs and litigation expenses, including reasonable attorney's fees, as part of the costs of the action." *Id.* § 5-228(b).

¶ 11 Also important to our discussion are sections 5-154.1 and 5-155 of the Pension Code. Section 5-154.1, "Occupational disease disability benefit," provides, in pertinent part:

"(b) Any police officer with at least 10 years of service who suffers a heart attack or any other disabling heart disease but is not entitled to a benefit under Section 5-154 is entitled to receive an occupational disease disability benefit

- 4 -

under this Section. The occupational disease disability benefit shall be 65% of the salary attached to the rank held by the police officer in the police service at the time of his or her removal from the police department payroll." *Id.* § 5-154.1(b).

Section 5-155, "Ordinary disability benefit," states:

"Ordinary disability benefit. A policeman less than age 63 who becomes disabled after the effective date as the result of any cause other than injury incurred in the performance of an act of duty, shall receive ordinary disability benefit during any period or periods of disability exceeding 30 days, for which he does not have a right to receive any part of his salary." *Id.* § 5-155.

¶ 12    In interpreting a statute, our primary goal is to ascertain and give effect to the intent of the legislature. *JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 238 Ill. 2d 455, 461 (2010). A statute's plain language is the best indicator of legislative intent, and where the statute's language is clear, we apply it as written. *Id.* (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). No term should be rendered meaningless, and we cannot read into the statute exceptions, limitations, or conditions the legislature did not intend. *Id.* We review issues of statutory construction *de novo*. *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 18.

¶ 13    We begin our interpretation of the above statutory provisions, as the appellate court did, with the statute's plain language, which we consider as a whole pursuant to the appropriate interpretive rules. Three sections of the Pension Code describe the types of disability benefits and explain an officer's right to those benefits, which differ according to whether the disability is duty (40 ILCS 5/5-154 (West 2022)), occupational disease (*id.* § 5-154.1), or ordinary (*id.* § 5-155 ("the result of any cause other than injury incurred in the performance of an act of duty")). We first examine section 5-154, which describes a police officer's right to the disability benefit. It is applicable to an "active policeman who becomes disabled" as a result of a job-related injury and authorizes "a right to receive duty disability benefit." *Id.* § 5-154(a). Section 5-154 does not include any processes or evidentiary requirements to obtain and maintain a duty disability benefit. It is section 5-156 that describes the process in which a police officer must engage and the proof she must present to both obtain and continue her disability benefit. Section 5-156 specifies

its applicability to all three types of disability benefits, including duty, occupational disease, and ordinary. It includes the requirements for proof of disability in both the initial request for disability benefits and for continuation of those benefits. *Id.* § 5-156. It addresses "applicant[s]" and their burden of proof and requires that the "disabled policeman" receiving a disability benefit be examined annually. *Id.* Finally, section 5-156 explains that benefit payments shall be "discontinue[d]" when the policeman's disability ceases. *Id.*

¶ 14       We agree with the appellate court's interpretation that section 5-154 provides for an ongoing right to benefits and section 5-156 sets forth the process and required proof for a disabled police officer to obtain disability benefits and to continue receiving them. See 2024 IL App (1st) 231993, ¶¶ 58-59. The appellate court correctly characterized Rainey's continuation of benefits as an "ongoing section 5-154 application" for benefits, recognizing there is only one process to obtain and continue disability benefits. *Id.* ¶ 61. Rainey applied for and was granted a duty disability benefit in 2017 based on the injuries she received in the performance of her police duties. As statutorily required, the Board reviewed the continuation of Rainey's duty disability benefits in 2022, initiated additional review, and concluded they should be discontinued. At that time, Rainey did not submit another application to the Board for the continuation of her duty disability benefits. Neither she nor the Board revisited old evidence but concentrated on evidence establishing that her duty-related injuries continued to disable her. The Board asked her for proof that she continued to suffer from her disability and that the disability prevented her from performing her responsibilities as a police officer. What Rainey submitted were medical records in support of the continuation of her duty disability benefits. This proof is the same type she submitted in 2017 when originally seeking benefits, although the 2022 evidence concerned her current medical circumstances, but it was all based on her duty-related injuries. Section 5-156 requires the same proof for the initial award of duty disability benefits and for the continuation of them, that is, evidence establishing disability. Rainey had to show she continued to be disabled and that the disability resulted from a duty-related injury. Section 5-156 presents the process and requirements an officer must meet to be awarded a disability benefit. It does not differentiate between the types of disabilities or whether the officer is seeking to start disability benefits or to continue them. With both her initial request and in her response to the status hearing, Rainey was seeking duty disability benefits.

¶ 15    The Board misconstrues the statute when it argues that section 5-228(b) differentiates between an original request for benefits and the continuation of them. The Board places great stock in the legislature's use of "deny" and "discontinue" in section 5-228(b), contending that the use of those different words codifies that section 5-154 and 5-156 set forth different processes. We find the distinction to be without a difference. Section 5-228(b) refers to officers whose disability benefit application had been "denied" and who successfully challenge the "denial" of benefits. The plain language does not limit the attorney fees and costs award to only those officers who prevail on their challenge to the original request for disability benefits. Had the legislature intended that outcome, it would have differentiated between section 5-154 and section 5-156 as it did between section 5-154 and section 5-154.1, and section 5-155. The Board itself, in its decision and order discontinuing Rainey's disability benefits found Rainey was not "entitled to continuation of duty disability pension benefits *pursuant to section [5-]154* of the Illinois Pension Code." (Emphasis added.)

¶ 16    The Board relies on two unpublished appellate court decisions as support that Rainey was not entitled to an attorney fees and costs award based on its interpretation that section 5-228(b) differentiates between an initial request for disability benefits and an officer's defense of their continuation. In *Warner v. Retirement Board of the Policeman's Annuity & Benefit Fund of Chicago*, 2022 IL App (1st) 200833-U, ¶ 2, the Board terminated the plaintiff's duty disability benefits granted under section 5-154 and awarded him ordinary duty benefits under section 5-155 instead. The Board found that the plaintiff's disability was not causally related to his act of duty injury. *Id.* ¶ 8. The trial court reversed the Board's denial of the plaintiff's continued duty disability benefits, and although the appellate court affirmed the trial court's determination regarding the plaintiff's disability, it denied the plaintiff an award of attorney fees and costs under section 5-228(b) of the Pension Code. *Id.* ¶¶ 69, 71. The court concluded that the appeal concerned continuing proof of disability, not an application for disability benefits, and thus section 5-228(b) did not apply. *Id.* ¶ 69. In rejecting the plaintiff's attorney fees and costs request, the *Warner* court reasoned the appeal involved "proceedings initiated by the Board under section 5-156 to establish continuing proof of disability," not an application for disability benefits under section 5-154, and differentiated the two types of proceedings. *Id.* Similarly, in *Koniarski v. Retirement Board of the Policeman's Annuity & Benefit Fund of Chicago*, 2021 IL

- 7 -

App (1st) 200501-U, ¶ 47, the appellate court distinguished between section 5-154 and section 5-156 in finding the plaintiff was not entitled to an attorney fees and costs award under section 5-228(b). Like the *Warner* court, the *Koniarski* court stated that the appeal was not about an application for benefits under section 5-154 but about the continuation of benefits under section 5-156 and an award of attorney fees and costs for the successful challenge of the discontinuation of benefits is not authorized by the statutory language. *Id. Warner* and *Koniarski* both concluded that section 5-228(b) concerns only initial applications for disability benefits and not the discontinuation of them.

¶ 17    The appellate court below rejected *Warner* and *Koniarski*, finding them unpersuasive and noting that they are unpublished, nonprecedential, and nonbinding Illinois Supreme Court Rule 23 (eff. Feb. 1, 2023) orders. 2024 IL App (1st) 231993, ¶ 64. The appellate court determined both decisions were "conclusory" regarding the attorney fees and costs issue. *Id.* We agree with the appellate court's description of *Warner* and *Koniarski* as "conclusory" in interpreting the attorney fees and costs provision. Indeed, both courts presented the same conclusion almost verbatim, merely setting forth the language of section 5-228(b) and summarily determining that it applied only to the denial of an original application for benefits and not to the discontinuation of the benefits. Both Rule 23 orders are devoid of any analysis or reasoning regarding the resolution of the issue. They do not rely on rules of statutory interpretation or present any support for their conclusory and incorrect construction of the attorney fees and costs provision. In contrast, the appellate court in the instant case employed a reasoned statutory analysis in rejecting the conclusions reached by the *Warner* and *Koniarski* courts and holding that section 5-228(b) applies where "an applicant for duty disability benefits has benefits discontinued by the Board at a status hearing and succeeds in having that decision by the Board reversed on appeal." *Id.* ¶ 57.

¶ 18    Likewise, we reject the Board's interpretation that section 5-154 and section 5-156 are two separate processes: one to apply for benefits and one to discontinue them. Sections 5-154, 5-154.1, and 5-155 each address a disabled officer's right to the disability benefit. Section 5-156 explains how to obtain the benefits. The sections necessarily work together and apply to all disability benefits. As stated above, the plain language of the statute does not distinguish between an initial application for benefits and the continuation of them. The Board's interpretation of

the attorney fees and costs provision, limiting the award to those officers whose initial application for disability benefits was denied and reversed on administrative review, is in contradiction of the legislative intent to assist disabled officers who successfully challenge the denial of their disability benefits, including their continuation. The award of attorney fees and costs helps to level the playing field for officers who are required by the Board to defend their eligibility for continued disability benefits. The attorney fees and costs provision supports officers who are confronting the vast resources of the Board. Police officers like Rainey who respond to the Board's review of their disability benefits should not be penalized for defending those benefits when they are improperly discontinued.

¶ 19        The unambiguous language of the statute directs that the trial court may award attorney fees and costs to an officer who applies for and receives disability benefits for a duty-related injury or for occupational disease and successfully challenges the denial of benefits. Both section 5-154 and section 5-154.1 provide disability benefits for duty-related injuries. See 40 ILCS 5/5-154(a) (West 2022)) (benefits for officer injured "in the performance of an act of duty"); *id.* § 5-154.1(a) (benefits for officer with disability that "arise[s] out of or in the course of employment"). In enacting these provisions, the legislature determined that these two classes of officers were entitled to an attorney fees and costs award when their applications for duty or job-related disability were wrongly denied by the Board. It makes no sense to deny these officers an award of attorney fees and costs when they challenge the discontinuation of their disability benefits. Indeed, we construe the legislative intent in favor of officers who are disabled as a result of their public service. We find section 5-228(b) allows attorney fees and costs to be awarded to officers who successfully challenge denial of their initial request for duty or occupational disease disability benefits and the continuation of those benefits.

¶ 20        Section 5-228(b) does differentiate between duty/occupational disease disabilities and ordinary disabilities. Its plain language limits attorney fees and costs awards to police officers whose disabilities are duty related and does not authorize an award to officers obtaining an ordinary disability benefit, distinguishing officers who incur injuries related to the job from those officers whose disabilities are not job related. The appellate court construed these provisions with the rest of the statute and properly distinguished police officers seeking duty- or occupational-related disability benefits from those officers seeking

ordinary disability benefits unrelated to their job as police officers. 2024 IL App (1st) 231993, ¶ 62. It reasoned the distinction exists to provide greater support to officers who are disabled as a result of their job-related injuries as opposed to officers whose disabilities arose outside the context of their employment. *Id.* ¶ 63. It concluded that "the legislature clearly and logically prioritized officers who were wrongly denied job-related disability benefits." *Id.* ¶ 62. We agree with the appellate court's reasoning that the legislature decided that officers who sought disability benefits under section 5-155 for a disability "the result of any cause other than injury incurred in the performance of an act of duty" (40 ILCS 5/5-155 (West 2022)) were not entitled to an award of attorney fees and costs. 2024 IL App (1st) 231993, ¶ 62. The statute evinces a policy that officers who are denied job-related duty disability benefits should not foot the bill for challenging the improper denial or termination of those benefits. Per the plain language of section 5-228(b), we find officers who are seeking ordinary disability benefits unconnected to a job-related disability are not entitled to an award of attorney fees and costs.

¶ 21    Finally, we consider the Board's argument that pending legislation negates the above policy determination where the proposed legislation permits an award of attorney fees to officers who also prevail in challenging the denial of ordinary benefits and to those who challenge the termination of their continued disability benefits. The legislation would codify the appellate court's ruling in this case that attorney fees and costs may be awarded to officers who successfully challenge the denial of benefits and the continuation of them. The legislation failed to pass, and according to the Board, the legislature's failure to adopt the legislation means that it agrees with the cases interpreting the fee provision such as *Warner* and *Koniarski*. See *Ready v. United/Goedecke Services, Inc.*, 232 Ill. 2d 369, 380 (2008) (legislature's failure to pass legislation indicates its acceptance of the judicial interpretation of the statute). We are not persuaded by the Board's reliance on legislative efforts to amend the attorney fees and costs provision.

¶ 22                                  CONCLUSION

¶ 23    We affirm the judgment of the appellate court, which affirmed the judgment of the circuit court, and find that section 5-228(b) of the Pension Code authorizes the award of the attorney fees and costs to a police officer who prevails on

administrative review when challenging either the denial of duty or occupational disease disability benefits or the discontinuation of them.

¶ 24         Appellate court judgment affirmed.

¶ 25         Circuit court judgment affirmed.

¶ 26         Board decision reversed.